UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                                   **DECISION AND ORDER**
       v.                                                          18-CR-121-A

TYRONE GREEN, and
BRENNEN BRYANT
                     Defendants.

_____

        The defendants, Tyrone Green and Brennan Bryant, are charged in a 17-count Superseding Indictment with drug-related offenses.  The most serious of the charges allege conspiracy to possess with intent to distribute, and to distribute, heroin, butyryl bentanyl, bentanyl and cocaine resulting in a death in violation of 21 U.S.C. § 846 (Count 1), and distribution of fentanyl resulting in death in violation of 21 U.S.C. § 841(a)(1) (Count 16).  Dkt. No. 22.

        The case was referred to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.  It is before the Court for resolution of defendant Green's objections to two reports of recommended findings and conclusions of the Magistrate Judge.

        More specifically, on April 13, 2020, Magistrate Judge Roemer filed a Report, Recommendation and Order (Dkt. No. 74) recommending that defendant Green's motions to suppress evidence (Dkt. No. 40) and statements (Dkt. No. 41) be denied. The defendant filed objections to the Report and Recommendation and Order (Dkt. No. 89).  Before the United States' response to the objections was due, the Second Circuit

issued a decision clarifying the standard for determining when a delay in searching a digital storage device after the device has been seized by law enforcement is so long a delay that it violates the Fourth Amendment.  *See United States v. Smith*, 967 F.3d 198 (2d Cir. 2020).  After the United States responded to the defendant's objections (Dkt. No. 90), the defendant replied (Dkt. No. 91) and sought to raise additional delayed-search arguments he had not previously raised before the Magistrate Judge.

The parties appeared for oral argument on defendant Green's objections to the Report and Recommendation and Order on August 21, 2020.  Minute Entry 8/21/2020.  The Court noted the intervening *Smith* decision, and, after due consideration, remanded the case to the Magistrate Judge so that the parties could further address the claims of unconstitutional delay before searches of certain digital devices were conducted.  *Id*.

Upon remand, the Magistrate Judge conducted an additional evidentiary hearing, received briefing, and heard oral argument concerning the delayed searches.  The Magistrate Judge issued a supplemental Report and Recommendation (Dkt. No. 113) again recommending denial of the defendant's motion to suppress.  The defendant filed objections (Dkt. No. 114), the United States responded (Dkt. No. 117), and the defendant replied (Dkt. No. 118).  Oral argument was held on April 7, 2021, and the matter was deemed submitted.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(b)(3), the Court reviews *de novo* the portions of a report and recommendation to which objections are raised.  Upon *de novo* review of the objections of defendant Green, it is hereby

**ORDERED** that the motion of defendant Green to suppress statements and evidence (Dkt. Nos. 40, 41, 92, 99) are denied for the reasons stated in Magistrate

Judge's thorough and well-considered Report, Recommendation and Order (Dkt. No. 74) and Report and Recommendation (Dkt. No. 113).  The Court carefully considered whether the strength of the justification for the delays in this case should be considered neutral, given that the Fourth Amendment requires the United States to diligently pursue this aspect of a criminal investigation.  *Smith*, 967 F.3d at 210-11.  Nevertheless, based upon the facts adduced during the hearings, even if the Court were to rely upon the United States' obligation of reasonable diligence to find that the strength-of-justification *Smith* factor should weigh in the defendant's favor, these are not circumstances in which the Court can conclude that application of the exclusionary rule would be appropriate.  *See* Dkt. No. 113, pp. 19-21.  It is further

**ORDERED** that counsel for the parties shall appear to set a date for trial on May 14, 2021 at 9:00 a.m.  Counsel shall confer about their availability for trial before the status conference and be prepared to schedule a date for jury selection and trial when they appear.

**IT IS SO ORDERED.**

       ___*s/Richard J. Arcara*_____
       HONORABLE RICHARD J. ARCARA
       UNITED STATES DISTRICT COURT

Dated:  May 10, 2021